**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **B.L., individually and on behalf of J.L., his minor child at all pertinent times, and on behalf of all similarly situated students,** <br><br> Plaintiffs, <br><br> v. <br><br> **MICHAEL J. FETHERMAN, *et al.*,** <br><br> Defendants. | Civil Action No. 22-3471 (JMV) (JSA) <br><br><br> **OPINION** |

**JESSICA S. ALLEN, U.S.M.J.**

Before the Court is the motion of Plaintiffs, B.L. and J.L.,[1] seeking leave to proceed in this case under pseudonyms, pursuant to Federal Rule of Civil Procedure 10(a). (ECF No. 10). Defendants[2] oppose the motion. (ECF No. 12). The motion is decided without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, and for good cause shown, Plaintiffs' motion is **DENIED**.

**I.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of Plaintiffs' legal challenge to portions of Mountain Lakes School District's ("MLSD") public-school curriculum on the basis that it is discriminatory against white students. (*See generally* Amended Compl. ("AC"), ECF No. 5; *see also* Pl.'s Br. at 1). Thus,

---

[1] B.L. brings this suit on his own behalf and on behalf of his son, J.L., who was purportedly a minor during all relevant times (sometimes, collectively "Plaintiffs"), as well as on behalf of all similarly situated students in the Mountain Lakes School District.

[2] The seventeen (17) named Defendants are the Mountain Lakes Board of Education as well as individual school district officials and board members: Michael J. Fetherman; Beth Azar; Dr. Sumit Bangia; Frank Sanchez; Angela Tsai; Alex Ferreira; Joanna Calabria Barkauskas; Jennifer Parker; Dr. Aruni Don; Dr. Kevin Ernest Driscoll; Dr. James Hirschfeld; Megan Leininger; Tricia Lewis; Dr. Lauren Silva McIntrye; Erinn Tucker; and Jonathan Levar.

according to Plaintiffs, Defendants have unlawfully discriminated against J.L., have violated his constitutional rights and have subjected him to a hostile educational environment. (AC, ¶ 1). B.L. also brings his own claims, alleging that Defendants' responses to his concerns violated his constitutional rights.[3] (AC, ¶ 9).

In the Amended Complaint filed on July 1, 2022, Plaintiffs refer to themselves only by their initials. On August 24, 2022, Plaintiffs filed the instant motion, seeking leave to proceed under pseudonyms, pursuant to Federal Rule of Civil Procedure 10(a). (ECF No. 10). In support of their motion, B.L. claims that he has been portrayed as a "villain" for challenging MLSD's curriculum, and that he has received threats, causing him to fear for his and J.L.'s safety. Plaintiffs raise concern for their well-being and contend that the standard adopted by the Third Circuit Court of Appeals in *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011), supports Plaintiffs proceeding under pseudonyms. (Pl.'s Br. at 2-3).[4] B.L. further contends that he has a reasonable fear of harm if his identity is publicly disclosed and that the interests of minors and the nature of Plaintiffs' claims warrant proceeding by pseudonyms. (*See* Pl.'s Reply Br. at 2-5, 10-12; Declaration of B.L. ("B.L. Decl.") ¶¶ 2-3, ECF No. 10-1; Reply Declaration of B.L. ("B.L. Reply Decl.") ¶ 3, ECF No. 19-1).

Defendants oppose the motion, contending that the use of pseudonyms has been reserved for only the most exceptional cases. Defendants argue that Plaintiffs have described only vague and

---

[3] On July 20, 2022, Defendants filed a motion to dismiss the Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). (ECF No. 6).

[4] Beyond a passing reference in their moving brief to the factors identified by the Third Circuit in *Megless*, Plaintiffs do not analyze any of these factors. Rather, for the first time in reply, Plaintiffs improperly address the application of these factors. The Court could plausibly find that Plaintiffs have failed to present these arguments in their opening brief, and thus deem such arguments waived. However, since Plaintiffs at least identify the relevant factors that support the use of a pseudonym in their moving brief, the Court will exercise its discretion to consider the merits of Plaintiffs' arguments in reply as an extension of the arguments touched upon in their opening brief.

speculative concerns about proceeding in their real names and that B.L has not shown that his fear of harm is reasonable. (Defs.' Opp'n at 1, 5-7). Defendants further argue that a balancing of the factors in *Megless* does not support Plaintiffs' request to proceed by pseudonyms. (*Id.* at 1, 5-7, 14-16). Finally, Defendants question whether J.L. has reached the age of majority during the pendency of this litigation since B.L. will not confirm whether J.L. is still a minor, and Plaintiffs seek relief under Rule 10(a) rather than under Federal Rule 5.2, which permits a minor to use his or her initials without first seeking leave of court.

## II.   LEGAL STANDARD

As the Third Circuit recognized in *Megless*, "[o]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public," an "important dimension" of which is that the person using the court identify themselves. *Megless*, 654 F.3d at 408 (quoting *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)). The use of pseudonyms "runs afoul of the public's common law right of access to judicial proceedings . . . ." *Id.* (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)). Federal Rule of Civil Procedure 10(a) reflects those principles, stating "[t]he title of the complaint must name all the parties . . . ." *Id.*

"While not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously." *Megless*, 654 F.3d at 408. To that end, courts have found such exceptional circumstances in cases involving subjects such as "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990). The fact that a litigant may "suffer embarrassment or economic harm is not enough" to justify proceeding by

3

pseudonym. *Megless*, 654 F.3d at 408. "Instead, a plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)).

In *Megless*, the Third Circuit noted that "[c]ourts within our circuit have . . . primarily relied on a test for the use of pseudonyms set forth in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997). That case sets forth a non-exhaustive list of factors to be weighed both in favor of anonymity and also factors that favor the traditional rule of openness." *Id.* at 409. Under that test, the *Provident Life* Court requires that a court first consider the following factors that generally support the use of a pseudonym:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* (quoting *Provident Life*, 176 F.R.D. at 467–68).

Thereafter, a reviewing court must consider three additional factors that traditionally weigh against the use of a pseudonym:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident Life*, 176 F.R.D. at 467–68). The Third Circuit, in *Megless*, endorsed the test

set forth by the *Provident Life* Court (hereinafter referred to as the "*Provident Life* test"). *Id.* at 410. Here, there is no dispute that the *Provident Life* test as endorsed by the Third Circuit applies to this Court's use of pseudonym analysis. Accordingly, this Court turns to address the test's application to Plaintiffs' motion.

### III. ANALYSIS

#### A. Factors Weighing in Favor of Anonymity

Under the first factor, the Court must consider the extent to which Plaintiffs' identities have been kept confidential. *Id.* at 410. To satisfy this factor, a plaintiff must have made substantial efforts to maintain confidentiality and must have disclosed his or her identity to only a few people. *See Doe v. Rider Univ.,* 2018 WL 3756950, at *4 (D.N.J. Aug. 7, 2018).

In support of this factor, Plaintiffs primarily argue that B.L. has refused to confirm the accuracy of online and newspaper reports purporting to identify B.L. and J.L., and that this case involves the interests of J.L. and other minors involved in the case, including student privacy concerns pursuant to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"). (Reply Br. at 2-5, 10; B.L. Decl., ¶¶ 5-6, 8). Neither contention supports the use of pseudonyms in this case.

First, the Amended Complaint details instances, occurring over the course of months, where B.L. personally contacted individual defendants regarding MLSD's curriculum. (AC, ¶¶ 30-70). This includes B.L.'s coordination with another parent, identified in the Amended Complaint as "Objector 2," to engage in dialogue with the MLSD about the school curriculum. (AC, ¶ 60). Since the Amended Complaint details events that identify B.L. as a parent, it appears that both B.L. and J.L.'s identities are already known to members of the MLSD and Objector 2, which weighs against

5

proceeding by pseudonym. *See, e.g.*, *Doe v. Felician Univ.*, 2019 WL 2135959, at *3 (D.N.J. May 15, 2019) (finding first factor weighs against anonymity when complaint detailed specific events that would identify Plaintiff). More important, B.L. does not specify how many people, friends, associates, or others know that he is one of the Plaintiffs in this case. The failure to provide the Court with this specific information weighs against B.L.'s claim of confidentiality. *See Rider*, 2018 WL 3756950, at *4 (finding that failure to specify individuals with knowledge of movant's identity cuts against confidentiality). B.L. also does not even attempt to address J.L.'s efforts to remain confidential under the first factor, and the Court has not been provided with any information from B.L. or J.L. that details the steps taken by J.L. to preserve his identity from members of the public, friends, and others. *See id.* Thus, Plaintiffs have failed to meet their burden of showing that their identities have been kept confidential.

Second, B.L. fails to establish that J.L.'s interests, as a minor, support the request to proceed anonymously. While B.L. contends that J.L. was a minor "at all relevant times" leading up to the filing of the Complaint, (Pl.'s Br. at 1; Reply Br. at 2-5), J.L. is now enrolled in college. (Reply Br. at 6). Yet, B.L. has declined to confirm whether J.L. remains a minor. (Pl.'s Reply Br. at 2). Importantly, if J.L. were a minor, he would be permitted to proceed by his initials only, pursuant to Federal Rule of Civil Procedure 5.2, without the need to seek leave of court to use a pseudonym. *See* Fed. R. Civ. P. 5.2(a)(3). Further, by extension, B.L. would likely be permitted to proceed anonymously as well.[5] However, since Plaintiffs seek relief under Rule 10(a) only, and because J.L.

---

[5] Courts are more willing to consider a parent's request to proceed anonymously when revelation of a parent's identity would have the practical impact of identifying a minor. *See J.W. v. District of Columbia*, 318 F.R.D. 196, 199 (D.D.C. 2016).

is now in college, and presumably has reached the age of majority, J.L.'s involvement in this case does not strengthen the first factor of the *Provident Life* test. For purposes of proceeding by pseudonym, once a minor reaches the age of majority—even if during the pendency of a case—the protections of Rule 5.2 may no longer apply. *See, e.g.*, *Martinez v. City of Avondale*, 2014 WL 880492, at *1 n.1 (D. Az. Mar. 6, 2014) (stating that minor who reached adulthood during pendency of the case would no longer be identified by initials).

Finally, to the extent B.L. seeks to represent the interests of minors in the MLSD on class-wide basis, B.L.'s status is not relevant to Plaintiffs' motion. Plaintiffs' reliance on FERPA is misplaced. FERPA governs the confidentiality of a minor's educational records and is not relevant to a litigant's request to proceed by pseudonym. *See Doe v. Rider Univ.*, 2018 WL 3756950, at *4 (D.N.J. Aug. 7, 2018) ("FERPA, however, has nothing to do with Plaintiff's efforts to maintain his anonymity . . . ."). Likewise, any minors that would be part of any proposed class would be entitled to be identified only by their initials, pursuant to Rule 5.2. Thus, B.L.'s status as a proposed class representative is not relevant to determining the appropriateness of proceeding anonymously. For all of the above reasons, the Court finds that the first factor does not weigh in favor of granting Plaintiffs' motion.

As to the second factor, the Court considers the grounds on which Plaintiffs seek to avoid disclosing their identities and the substantiality of same. In *Megless*, the Third Circuit analyzed "the harm the litigant is seeking to avoid, and [whether] []the litigant's fear [is] reasonable." *Megless*, 654 F.3d at 410. As compared with perceived threats or mere frustration voiced by the public, the legitimate threat of physical harm is the paradigmatic example of a circumstance that would warrant proceeding anonymously. *See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d

7

1036, 1044 (9th Cir. 2010) ("*Kamehameha*").  However, the threat of physical harm must be reasonable.  *Id.*

The court's analysis in *Doe v. Felician University* is instructive.  There, the plaintiff sought to proceed anonymously due to alleged stalking, cyberbullying, and perceived online threats of violence and exposure of the plaintiff's identity.  *See* 2019 WL 2135959, at *4 (D.N.J. May 15, 2019).  The plaintiff, a Muslim woman of Palestinian descent, filed a complaint against Felician University alleging, among other things, religious discrimination.  *Id.* at *2.  After she filed the lawsuit, the complaint's details were published on a news website and an online blog that was alleged to contain "harsh, hateful and bigoted rhetoric against Muslims[,]" and which allegedly advocated for violence.  *Id.*  Plaintiff identified the blog post that mentioned her and sought to expose her identity.  *Id.*  The court concluded that "disapproval and frustration voiced by some members of the public" do not amount to threats or create a risk of "retaliatory harm."  *Id.* at *4.  The court further noted that the online posts did not specify a credible risk of harm and that the threat to expose plaintiff's identity did "not qualify as a substantial threat warranting protection."  *Id*.

Likewise, in *Kamehameha,* the Ninth Circuit affirmed the district court's denial of four minor students' request to proceed by pseudonym.  *Id.* at 1044.  The plaintiffs, who challenged an allegedly race-based school admission policy, were the subject of express online threats.  *Id.* at 1044-45.  However, the Ninth Circuit found these statements amounted to online frustration with the plaintiffs, but that "many times people say things anonymously on the internet that they would never say in another context and have no intention of carrying out . . . [,]" and the statements did not provide a basis for a reasonable fear of physical harm.  *Id.* at 1045.

Here, B.L. claims that he fears for his and J.L.'s well-being based on perceived threats related

8

to "harming the plaintiffs – perhaps not physically as yet, but certainly a reasonable possibility . . . ." (Pl.'s Br. at 2-3). B.L. relies on the following incidents to support his fear of potential harm:

- B.L. has received "a lot of pushback" from within and outside the Mountain Lakes School District.;
- People have reached out to B.L. in "anger" for filing this action;
- B.L. received a third-party message on LinkedIn from a person he does not know who identified him as the Plaintiff in this lawsuit and made "alarming comments" about his professional life;
- A newspaper has identified a person as the plaintiff and placed this person's spouse on the front page;
- Someone has identified a person who they assert is the plaintiff and his family on Twitter;
- A woman created an online post purporting to identify J.L. and the college he attends and encouraged people to contact the school to pressure the school to rescind its offer of acceptance;
- B.L. is aware that people have posted a residential address of the person they suspect to be the plaintiff online and perhaps have encouraged vandalism.

(B.L. Decl., ¶¶ 2-8).

Defendants counter that Plaintiffs' claims of harm are speculative. Defendants point to B.L.'s acknowledgment that he has not received any threat of physical harm, and further argue that the incidents on which Plaintiffs rely bear no resemblance to actual threats of harm that would warrant proceeding anonymously. (Defs.' Opp'n at 5, 11-12).

The use of a pseudonym is an extraordinary measure reserved for unique cases. *Megless*, 654 F.3d at 408. B.L.'s vague reference to some members of the public's "pushback" and "anger" with Plaintiffs for filing this lawsuit amounts to mere frustration rather than a credible risk of harm. Indeed, B.L. refers only to some vague possibility of physical harm. Not only does the Court find a lack of any credible threats of harm based on B.L.'s general statements, but B.L. on behalf of himself and J.L., does not provide any reasonable basis for his fear. *See Felician*, 2019 WL 2135959, at *4.

9

The Court further rejects B.L.'s position that the controversy created by this lawsuit, the need for J.L. to attend college without threats, (B.L. Decl., ¶ 10), and the possibility of "economic destruction," (*Id*. at ¶ 3), support his request to proceed anonymously. *Megless* makes clear that fear of negative public reaction or economic harm are insufficient to warrant proceeding anonymously. *See Megless*, 654 F.3d at 408; *see also Doe v. Princeton,* 2019 WL 5587327 (D.N.J. Oct. 30, 2019) (noting that alleged harm in the form of possible "loss of a job, stigmatization, and ridicule" are insufficient to support use of a pseudonym). For all of these reasons, the second factor weighs against the use of a pseudonym.

The third factor is described as the magnitude of the public's interest in maintaining confidentiality. The reviewing court must consider whether other similarly situated litigants would be deterred from litigating their claims if Plaintiffs, here, are forced to reveal their names. *Megless,* 654 F.3d at 410. B.L. claims that revealing his identity would instill fear in potential witnesses, who would reasonably fear for their safety if they were publicly identified after opposing school policies. (Reply Br. at 10). B.L. has not submitted any factual support for his claim. In contrast, Defendants rely on a case involving a challenge to an alleged race-based school curricula by a group of plaintiffs who proceeded using their full names. *See Canning v. Bd. of Ed. Of Calvert Cty.*, 2022 WL 2304671 (D. Md. June 27, 2022). Finally, as the Court has already noted, any party who is a minor would be permitted to proceed using his or initials pursuant to Rule 5.2, and therefore, are not at risk of being publicly identified. Accordingly, as B.L. has not established that other litigants would be deterred from prosecuting similar claims, this third factor does not favor proceeding by pseudonyms.

Under the fourth factor, the Court considers "whether the facts are not relevant to the outcome of the claim." *Megless*, 654 F.3d at 410. Plaintiffs contend that this case presents legal questions

10

regarding the constitutionality of MLSD's curriculum that do not require consideration of Plaintiffs' specific factual circumstances. (Reply Br. at 11). Defendants counter that it will be necessary to make factual determinations regarding what, if anything, happened to J.L. at Mountain Lakes High School. (Defs.' Opp'n at 14). The Court notes that the Amended Complaint contains upwards of thirty paragraphs of allegations relating to B.L.'s personal interactions with members of the MLSD regarding the school curriculum. (AC, ¶¶ 37-70). However, at this stage of the proceedings, it is unclear whether specific facts are relevant to the outcome of Plaintiffs' claims. Thus, based on the present record, in an abundance of caution, the Court deems this factor neutral.

The fifth factor requires the Court to consider whether "the claim will be resolved on the merits if the litigant is denied the opportunity to proceed using a pseudonym, or will the litigant potentially sacrifice a valid claim simply to preserve their anonymity." *Doe v. Middlesex County*, 2021 WL 130480, at *5 (D.N.J. Jan. 14, 2021) (citing *Megless*, 654 F.3d at 410). Here, Plaintiffs do not indicate whether they would dismiss the case if required to reveal their identities. (Reply Br. at 11). The Court thus presumes Plaintiffs would choose to continue to litigate their claims. In such circumstances, courts consider this factor neutral. *See id.* (citing *Doe v. Rutgers*, 2019 WL 1967021, at *3 (D.N.J. Apr. 30, 2019)).

As to the sixth factor, the Court must consider whether the litigant is "seeking to proceed anonymously for nefarious reasons." *Megless*, 654 F.3d at 411. Defendants contend that Plaintiffs have an ulterior motive because the Amended Complaint was filed in bad faith against members of the Mountain Lakes Board of Education who were not involved in the underlying events giving rise to Plaintiffs' claims. (Defs.' Opp'n at 15). In reviewing the present record, the Court does not find that Plaintiffs are seeking to use pseudonyms for a nefarious purpose. Accordingly, this factor

11

supports anonymity.

B.  **Factors Weighing Against Anonymity**

With respect to the first factor, the Court considers the universal level of public interest in access to the litigants' identities. *Id.* Plaintiffs do not address this factor beyond a conclusory statement that there is no universal public interest in this case. However, there is generally a "high level of interest in knowing litigants' identities." *Rider*, 2018 WL 3756950, at *7. "The publicness of proceedings is an essential quality of judicial proceedings." *Id.* (citing *Megless*, 654 F.3d at 408). For that reason, this factor weighs against proceeding anonymously.

Under the second factor, the Court must consider whether "because of the subject of the litigation, the status of the litigant as a public figure, or otherwise, there is a strong interest in the litigation." *See Rider*, 2018 WL 3756950, at *7; *see also Megless*, 654 F.3d at 411. While Plaintiffs are not public figures, Defendants are a public school board, various public school officials, and school board members, creating a heightened public interest in the proceedings. *See Megless*, 654 F.3d at 411 (finding heightened interest when public officials are involved). Further, Plaintiffs challenge the MLSD's public-school curriculum, and B.L. has brought a putative class action on behalf of the interests of minor students in the school district. To that end, it is quite plausible that parents of students in the MLSD would like to know—and perhaps would be entitled to know—the name and identity of the proposed class representative purporting to challenge the curriculum on behalf of their children. For those reasons, this factor weighs against the use of pseudonyms.

Under the final factor, the Court must determine whether Defendants, who oppose the use of pseudonyms, are motivated by nefarious reasons. *Megless*, 654 F.3d at 411. Plaintiffs argue that Defendants oppose the use of pseudonyms as an intimidation tactic. (Reply Br. at 12). Defendants

counter that it is unfair for Plaintiffs to proceed anonymously while they are forced to publicly defend themselves. (Defs.' Opp'n at 18). This Court finds no evidence supporting Plaintiffs' general assertion that Defendants' opposition is grounded in bad faith or for nefarious reasons. Rather, Defendants oppose anonymity based on principles of equity, fairness, and a balancing of the *Provident Life* test factors. At least one other Court in this District has recognized the legitimacy of similar arguments. *See Rider*, 2018 WL 3756950, at *8 (finding factor did not support anonymity when University argued fundamental fairness required both parties be publicly identified). This Court reaches a similar conclusion, finding this factor weighs against proceeding anonymously.

## IV.    CONCLUSION

After considering the *Provident Life* test factors weighing in favor of and in opposition to proceeding anonymously as adopted by the Third Circuit in *Megless*, this Court finds that Plaintiffs have not carried their burden to show that they should be permitted to proceed by pseudonyms in this case. Accordingly, for the reasons set forth above, and for good cause shown, Plaintiffs' motion to proceed by pseudonyms, (ECF No. 10), is **DENIED**.

Plaintiffs shall file an Amended Complaint no later than **February 24, 2023**, disclosing their identities. *See Megless*, 654 F.3d at 407.

An appropriate Order will be entered.

s/Jessica S. Allen<br>
**Hon. Jessica S. Allen**<br>
**United States Magistrate Judge**

**Dated: February 8, 2023**

cc:     Hon. John M. Vazquez, U.S.D.J.