<u>Not For Publication</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **B.L., individually and on behalf of J.L., his minor child at all pertinent times, and on behalf of all similarly situated students,** <br><br> Plaintiff, <br><br> v. <br><br> **MICHAEL J. FETHERMAN, et al.,** <br><br> Defendants. | Civil Action No. 22-3471 <br><br> <u>**OPINION & ORDER**</u> |

<u>**John Michael Vazquez, U.S.D.J.**</u>

  In this civil rights matter, Plaintiff challenges a school district's response to George Floyd's murder and the national backlash. Multiple motions are currently pending before the Court. First, Defendants filed a motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). D.E. 6. Second, Plaintiff appeals Magistrate Judge Jessica S. Allen's February 8, 2023 Opinion and Order denying Plaintiff's motion to proceed by pseudonym. Plaintiff also seeks to stay enforcement of Judge Allen's Order until this Court decides Defendants' Rule 12 motion. D.E. 24. Defendants oppose Plaintiff's appeal and filed a cross-motion seeking to dismiss the matter pursuant to Federal Rule of Civil Procedure 41(b). D.E. 25. The Court reviewed the parties' submissions[1] and considered the appeal and motions without oral argument

---

[1] The Court refers to Plaintiff's brief in support of his appeal and stay as "Plf. Br." (D.E. 24-1); Defendants' brief in opposition to the appeal and in support of their cross-motion as "Defs. Opp." (D.E. 25-1); and Plaintiff's reply brief as "Plf. Reply" (D.E. 35). The Court refers to Defendants'

pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons that follow, Plaintiff's appeal is **DENIED,** Defendants' cross-motion to dismiss is **DENIED without prejudice** but their Rule 12 motion to dismiss is **GRANTED,** and the motion to stay is **DENIED** as moot.

I.     FACTUAL[2] AND PROCEDURAL BACKGROUND

In the wake of George Floyd's murder, the Mountain Lakes School District ("MLSD") allegedly initiated "anti-racist" programming.  Am. Compl. ¶¶ 1-2, 6, 37.  According to Plaintiff, the anti-racism pedagogy includes teaching that white children are informed that they are racially superior, race conversations are necessary to interrupt racial biases that white children are forming, and the role of white people in perpetuating racism.  *Id.* ¶ 2.  Plaintiff's son J.L. is Caucasian, and during the events at issue, was a student at Mountain Lakes High School.  *Id.* ¶¶ 14-15.  Plaintiff maintains that the anti-racism teaching is discriminatory and illegal.  *Id.* ¶ 10.

On June 6, 2020, Defendant Frank Sanchez, the then principal of Mountain Lakes High School, emailed parents a communication incorporating anti-racism pedagogy.  Am. Compl. ¶¶ 20, 37-42.  Sanchez sent a video to students the same day that addressed anti-racism concepts and "compel[ed] students to attend rallies for the Black Lives Matter political movement."  *Id.* ¶¶ 44-45.  B.L. "politely reached out" to Sanchez to express his belief that Sanchez's communications violated MLSD policies in addition to state and federal law.  *Id.* ¶ 46.  Sanchez did not respond to the email.  *Id.* ¶ 48.  Instead, Sanchez promoted an event on June 16, 2020 that incorporated the anti-racist curriculum.  *Id.* ¶ 47.  On June 17, 2020, the Mountain Lakes Educational Foundation,

---

Rule 12 motion as "Rule 12 Br." (D.E. 6-1); Plaintiff's brief in opposition to the Rule 12 motion as "Rule 12 Opp." (D.E. 20); and Defendants' reply brief as "Rule 12 Reply" (D.E. 21).

[2] The factual background is taken from Plaintiff's Amended Complaint.  D.E. 5.  When reviewing a Rule 12(b)(6) motion to dismiss, a court accepts as true all well-pleaded facts in a complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

in partnership with the MLSD, held a two-hour webinar that focused on white privilege and anti-racism. *Id.* ¶ 53. The webinar was subsequently distributed to the entire school community. *Id.* ¶ 54.

On June 13, 2020, B.L. sent an email to the Individual Defendants[3] explaining why the anti-racism curriculum violated MLSD policy and the law. *Id.* ¶¶ 48-51. After no Defendant responded to his email, B.L. sent a follow-up email on June 16, 2020 that reiterated his views, specifically as to the "impropriety of MLSD's endorsement of [the] webinar." *Id.* ¶ 52. Defendant Beth Azar, the then Acting Superintendent, "finally responded to B.L.'s emails on June 18, 2020." *Id.* ¶¶ 18, 55. In her email, Azar stated that she felt the contents of the webinar did not compromise MLSD policies. *Id.* ¶ 55. B.L. replied to Azar on June 18, 2020, asking if she would have a conversation with B.L. and his attorney. B.L. followed up with Azar on July 3, 2020 because she had not sent another email, prompting her to respond to his request for a meeting. *Id.* ¶¶ 56-57.

Beginning on June 23, 2020, MLSD administrators "began an email dialogue" with a group of former and current students who supported the anti-racism curriculum. *Id.* ¶ 58. These communications continued for months. *Id.* ¶ 59. During the same time, B.L. "and another gentleman" tried to engage in discussions with the Individual Defendants about objections to the anti-racism curriculum. *Id.* ¶ 60.

Defendant Michael J. Fetherman became Superintendent for the new school year. As Superintendent, Fetherman met with B.L. on several occasions. *Id.* ¶ 63. Several weeks after these meetings, MLSD began to promote a second webinar involving the anti-racist curriculum. B.L.

---

[3] The Individual Defendants include the current Superintendent of the MLSD, the former Acting Superintendent, the Assistant Superintendent, Sanchez, and members of the Mountain Lakes Board of Education (the "Board"). Am. Compl. ¶¶ 17-32. Plaintiff also assert claims against the Board. *Id.* ¶ 33.

subsequently sent Fetherman an email "asserting his disappointment" with Fetherman after their conversations, and Fetherman responded. *Id.* ¶ 65. B.L. followed with a series of questions, but Fetherman did not respond. The advertised webinar occurred on November 16, 2020. *Id.* ¶¶ 66-67. B.L. sent an email to the Individual Defendants after the webinar and received a response from the MLSD's attorney. *Id.* ¶ 68. B.L. subsequently attended another meeting at the MLSD attorney's request. Fetherman; Defendant Joanne Calabria Barkauskas, President of the Board; and B.L.'s attorney also participated. *Id.* ¶ 71. At the meeting, Barkauskas asked B.L. about his desired outcome. B.L. then submitted a written response of proposed solutions that "would help in correcting the illegal actions that had occurred." *Id.* ¶¶ 71-72. B.L. never received a response to his written demands. *Id.* ¶ 72.

Plaintiff filed his initial Complaint on June 6, 2022, D.E. 1, and filed the Amended Complaint on July 1, 2022, D.E. 5. In the Amended Complaint, B.L. asserts Counts One through Four and the Eighth Count on J.L.'s behalf. B.L. asserts Counts Five through Seven as well as Nine and Ten on his own behalf. On July 20, 2022, Defendants filed a motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12. Defendants maintain that B.L. lacks standing to assert claims on J.L.'s behalf, seeking dismissal under Federal Rule of Civil Procedure 12(b)(1). Defendants also contend that remaining claims must be dismissed under Federal Rule of Civil Procedure 12(b)(6). D.E. 6.

In addition, Plaintiff and his son, who are only referred to by their initials, sought leave to proceed under their pseudonyms pursuant to Federal Rule of Civil Procedure 10(a). D.E. 10. B.L. contends that he received threats because of the claims he asserts in the instant matter, causing him to fear for his and J.L.'s safety. Moreover, J.L. was a student at Mountain Lakes High School and a minor when most of the relevant events occurred. Am. Compl. ¶ 15; Plf. Br. at 7. As a result,

4

Plaintiff maintains that because this matter involves the interests of minors, including J.L.'s at the time, he and J.L. should be allowed to proceed anonymously. Plf. Br. at 7. Judge Allen denied Plaintiff's motion and ordered that Plaintiff and J.L. file an amended pleading disclosing their identities by February 24, 2023. D.E. 22, 23. On February 22, 2023, Plaintiff filed the instant appeal. D.E. 24. Plaintiff has not filed an amended complaint, and instead seeks to stay Judge Allen's Order requiring an amended complaint until this Court decides Defendants' Rule 12 motion. *Id.* On March 6, 2023, Defendants filed a cross-motion to dismiss pursuant to Federal Rule of Civil Procedure 41(d) because of Plaintiff's failure to comply with Judge Allen's Order. D.E. 25.

## II.     CROSS-MOTION TO DISMISS

Defendants contend that their cross-motion to dismiss is a threshold issue that must be addressed before the Court reaches the merits of Plaintiff's appeal. Defs. Opp. at 2-5. "A defendant may move to dismiss a claim against him [under Rule 41(b)] where 'the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order.'"[4] *Hildebrand v. Allegheny County*, 923 F.3d 128, 131-32 (3d Cir. 2019) (quoting Fed. R. Civ. P. 41(b)). Judge Allen ordered Plaintiff to file an amended complaint that discloses his and J.L.'s identities by February 24, 2023. *See* Feb. 8 Opinion at 13, D.E. 22. Plaintiff did not file an amended pleading but instead filed the instant appeal and motion to stay. D.E. 24.

In most cases, appealing a non-dispositive decision of a magistrate judge

---

[4] A court typically determines whether to dismiss a matter pursuant to Rule 41(b) using the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 2011). *See Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011). In *Megless*, however, the Third Circuit stated that if a party refuses to comply with an order requiring the party to disclose his identity, "dismissal pursuant to Rule 41(b) is appropriate, even without consideration of the *Poulis* factors." *Id.* The Court further explained that such a position "makes adjudication of the case impossible." *Id.*

> does not operate to stay the order pending to a Judge. A stay of a Magistrate Judge's order pending appeal must be sought in the first instance from the Magistrate Judge whose order has been appealed, upon due notice to all interested parties.

L. Civ. R. 72.1(c)(1)(B). Plaintiff did not seek a stay from Judge Allen but has since filed a motion to stay Judge Allen's Order *nunc pro tunc*. D.E. 28. The Third Circuit emphasizes that "[w]ithout a doubt, cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *See Hildebrand*, 923 F.3d at 132. Moreover, "dismissal is a harsh sanction which should be resorted to only in extreme cases." *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 765 F. App'x 848, 853 (3d Cir. 2019) (quoting *Dyotherm Corp. v. Turbo Mach. Co.*, 392 F.2d 146, 148-49 (3d Cir. 1968)). Although Plaintiff did not follow the Local Rules of Civil Procedure in seeking a stay, Plaintiff moved for a stay before Judge Allen's deadline and has since attempted to fix his error. Accordingly, the drastic sanction of dismissal is not appropriate. Defendants' cross-motion is denied, and the Court will consider the merits of Plaintiff's appeal.

### III.  MAGISTRATE JUDGE APPEAL

A magistrate judge may hear and determine any non-dispositive pretrial matter pursuant to 28 U.S.C. § 636(b)(1)(A). A district court may only reverse a magistrate's decision on these matters if it is "clearly erroneous or contrary to law." *Id.*; Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). A district court's review of a dispositive order is *de novo*. *Wag Acquisition, LLC v. Gattyán Grp. S.à.r.l.*, No. 14-2832, 2020 WL 5105194, at *2 (D.N.J. Aug. 31, 2020). A litigant's right to proceed anonymously is not a dispositive issue. Accordingly, the Court applies the clearly erroneous standard. *See Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006); *Doe v. College of N.J.*, No. 19-20674, 2020 WL 3604094, at *2 (D.N.J. July 2, 2020).

"[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake

has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  Under this standard, a district court "will not reverse the magistrate judge's determination even if the court might have decided the matter differently." *Bowen v. Parking Auth. of City of Camden*, No. 00-5765, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002).  A decision is contrary to law "if the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

In her February 8 Opinion, Judge Allen applied the standard adopted by the Third Circuit in *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011).  Feb. 8 Opinion at 3-13.  As explained by Judge Allen, the *Megless* court instructed district courts to use a multi-factor balancing test to determine whether a party can proceed under a pseudonym.  *Id.* at 3-4.  Plaintiff does not argue that Judge Allen applied an incorrect standard, rather Plaintiff contends that Judge Allen failed to appropriately consider certain factors.  Plf. Br. at 6-13; Plf. Reply at 5.  Plaintiff essentially relies on the same arguments presented to Judge Allen in his initial brief.  *See* Plf. Br. at 3-13.  Thus, it appears that Plaintiff seeks for this Court to disregard Judge Allen's conclusions and consider the balancing test *de novo*.  A "simple disagreement with the magistrate judge's findings" is generally "insufficient to meet the clearly erroneous standard of review." *United States v. Nobel Learning Cmtys.*, 329 F.R.D. 524, 527 (D.N.J. 2018) (quoting *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000)); *see also Omojola v. ARC of Ocean Cnty*, No. 19-20354, 2022 WL 1055482, at *4 (D.N.J. Mar. 16, 2022) (denying appeal that "rehashes the same arguments denied by the Magistrate Judge, expecting a different result").  Even though the Court could deny Plaintiff's motion on these grounds alone, Plaintiff's appeal is also denied on substantive grounds.

7

Plaintiff argues that due to the Internet, disclosing J.L.'s name will expose J.L. to danger. Plf. Reply at 5. Judge Allen considered this factor at length. Feb. 8 Opinion at 7-10. Outside of disagreeing with Judge Allen, Plaintiff does not identify any errors in Judge Allen's well-reasoned conclusion. As a result, the Court will not disturb her decision that this factor fails to support Plaintiff's motion.

Plaintiff also contends that this Court should reverse Judge Allen because he "likely will dismiss some or all of the Amended Complaint" if he and J.L. are required to reveal their identities. Plf. Reply at 5. The fifth *Megless* factor considers whether the litigant would "potentially sacrifice a valid claim simply to preserve their anonymity." *Megless*, 654 F.3d at 410. In her opinion, Judge Allen noted that "Plaintiff did not indicate whether they would dismiss the case if required to continue to litigate their claims" and "presume[d] Plaintiff would choose to continue" with the matter. Feb. 8 Opinion at 11. Accordingly, Judge Allen determined that the factor was neutral. *Id.* Plaintiff's current assertion as to his plan to dismiss claims does not alter the ultimate outcome of the *Megless* balancing test.[5] A plaintiff's "refusal to litigate openly by itself cannot outweigh the public's interest in open trials." *Megless*, 654 F.3d at 410-11. In fact, in *Megless*, "[o]nly the fifth factor weigh[ed] in favor of allowing Doe to proceed anonymously." *Id.* at 411. The Third

---

[5] There is no reason why Plaintiff was unable to make this argument before Judge Allen and he fails to explain why he did not do so. In addition, Plaintiff did not make this argument to this Court until his reply. Typically, courts consider arguments raised for the first time on appeal as waived. *See In re Nat'l Collegiate Student Loan Trusts 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, 2005-3*, 971 F.3d 433, 444 (3d Cir. 2020) ("Arguments not presented to a magistrate judge and raised for the first time in objections to the magistrate's recommendations are deemed waived"). Courts also routinely fail to consider arguments first raised in reply. *See Cobra Enters., LLC v. All Phase Servs., Inc.*, No. 20-4750, 2020 WL 2849892, at *1 (D.N.J. June 1, 2020) ("As a matter of procedure, this Court will not accept arguments offered for the first time in the reply brief, as they were not properly asserted in the opening brief and Plaintiffs have not had the opportunity to respond to them."). Despite Plaintiff's failure to appropriately raise this argument, the Court still addresses it because Plaintiff's appeal pertains to stated privacy and safety concerns.

Circuit, however, explained that this factor alone was insufficient to allow the plaintiff to proceed anonymously. *Id.* at 410-11. Here, Judge Allen determined that none of the other factors supported anonymity. Accordingly, Plaintiff cannot proceed anonymously on this basis alone. Consequently, even with this new information, Judge Allen's conclusion that B.L. and J.L. cannot proceed by their initials is not clearly erroneous. Plaintiff's appeal is denied.

## IV.     RULE 12 MOTION TO DISMISS

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). A plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all well-pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If,

9

after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols., LLC*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

Defendants assert their standing arguments pursuant to Rule 12(b)(1). Constitutional standing implicates a court's subject matter jurisdiction, thus "is properly brought pursuant to Rule 12(b)(1)." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). Here, Defendants raise a prudential standing inquiry. *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (explaining that whether a party can assert claims for others does "not focus on the constitutional minimum of standing, which flows from Article III's case-or-controversy requirement"). The prudential standing doctrine is judge-made and not a component of Article III constitutional standing. *Potter v. Cozen & O'Connor*, 46 F.4th 148, 154 (3d Cir. 2022). Accordingly, the Court addresses this issue through the lens of Rule 12(b)(6). *See id.* at 157 (explaining that because shareholder standing was a prudential rule, the district court should have treated the motion to dismiss on these grounds as a Rule 12(b)(6) motion).

### B. Analysis

#### 1. Standing

Defendants maintain that B.L. lacks standing to assert claims on J.L.'s behalf. Rule 12 Br. at 9-14. Generally, "[a] litigant must assert his or her own legal rights and interests and cannot rest a claim to relief on the legal rights or interest of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991). In some circumstances, however, it is appropriate to grant standing to a third party to assert the rights of another. Courts consider two factors in deciding whether third party standing is appropriate: (1) "whether the party asserting the right has a 'close' relationship with the person

who possesses the right;" and (2) if "there is a 'hinderance' to the possessor's ability to protect his own interest." *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004) (internal quotations omitted).

As discussed, B.L. pleads that he is bringing claims on his own behalf, and on behalf of J.L. and all similarly situated MLSD students. Am. Compl. ¶ 14. Counts One through Four and Eight involve alleged harm to J.L. and similarly situated students. *See, e.g., id.* ¶ 86 (alleging that Defendants violated Title VI of the Civil Rights Act, which damaged J.L. and similarly situated students); ¶ 91 (alleging that Defendants created a hostile education environment related to race and skin color in violation of 42 U.S.C. § 1981). Plaintiff further pleads that J.L. "was a minor during all or most of the relevant events which are set forth herein." *Id.* ¶ 15. Plaintiff argues that because J.L. was a minor for much of the alleged wrongful conduct, B.L. can continue to assert his claims in a representational capacity.

Turning to the relevant factors, Plaintiff argues that a close personal relationship exists because he is J.L.'s father. Rule 12 Opp. at 20. The Court does not dispute that a parental relationship is generally considered a close relationship. As for the hinderance, Plaintiff contends that J.L.'s ability to protect his own interests is hindered because he "is now away at college."[6] *Id.* at 21. Plaintiff, however, fails to explain why attending college amounts to a hinderance, and this Court sees no reason why it would impact J.L.'s ability to litigate his claims. Plaintiff is represented by counsel. Further, J.L. appears to be an independent, adult child. There is no suggestion that J.L. is incompetent or faces any other obstacles in pursuing his claims. Although college may create some inconveniences, this simply does not amount to a hinderance sufficient

---

[6] Plaintiff also maintains that because J.L. graduated, J.L. "is not in the best position to protect the interest of those similarly situated." *Id.* This is not relevant to the Court's analysis of third-party standing. More importantly, Plaintiff fails to explain why he, as a parent to a graduated high school student, remains a good advocate. Accordingly, the Court disregards this argument.

11

to allow a third party to represent J.L.'s interests. *See Kowalski*, 543 U.S. at 132 (concluding that unsophisticated, *pro se* criminal defendants were not hindered in pursuing their constitutional challenges to state court proceedings); *Holland v. Rosen*, 895 F.3d 272, 288 (3d Cir. 2018) (rejecting argument that "criminal defendants under home detention and electronic monitoring face obstacles to pursuing litigation"). Therefore, third party standing is not appropriate in this matter.[7] Because B.L. does not have standing to assert claims on J.L.'s behalf, Counts One through Four and Eights are dismissed. The Court, however, provides Plaintiff leave to file an amended complaint substituting J.L. as the plaintiff for these claims.[8]

### 2. Section 1983 (Counts Five and Six)

Next, Defendants seek to dismiss B.L.'s Section 1983 claims. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 US.C. § 1983. Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-

---

[7] Federal Rule of Civil Procedure 17 permits a guardian to sue on behalf of a minor. Fed. R. Civ. P. 17(c)(1)(A). Thus, B.L. could have asserted claims on behalf of J.L. when J.L. was a minor. It is not clear when J.L. reached the age of majority, but Plaintiff does not dispute that J.L. is no longer a minor. Accordingly, B.L. cannot pursue claims on J.L.'s behalf under Rule 17. *See Adm'r-Benefits for Exxon Mobil Sav. Plan v. Williams*, 567 F. App'x 97, 100 (3d Cir. 2014) (affirming district court's dismissal of plaintiff's mother as plaintiff after the real party in interest reached the age of majority under Virgin Islands law).

[8] Because these claims are dismissed for lack of prudential standing, the Court will not consider Defendants' remaining arguments to dismiss these counts.

12

94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

### a. Right to Petition

In the Fifth Count, B.L. alleges that Defendants did not respond to his parental grievances because they did not agree with the nature of his speech. B.L. further alleges that this refusal violated MLSD policies and procedures and his First Amendment right to petition. Am. Compl. ¶¶ 101, -03. The First Amendment provides individuals with the right to petition the government for redress of grievances.[9] *See* U.S. Const. amend. I. "The right to petition the government is 'one of the most precious of the liberties safeguarded by the Bill of Rights.'" *Mirabella v. Villard*, 853 F.3d 641, 653 (3d Cir. 2017) (quoting *BE & K Constr. Co v. NLRB*, 536 U.S. 516, 524 (2002)). A petition may take multiple forms and may be directed towards any department of a local, state, or the national government. Further, "[t]he right to petition allows citizens to express their ideas, hopes, and concerns to their government and their elected representatives." *Id.* at 654. But critically, there is no corresponding requirement that a governmental unit must respond to a petition. *See Smith v. Ark. State Highway Emp., Local 1315*, 441 U.S. 463, 465 (1979) ("But the First Amendment does not impose any affirmative obligation on the government to listen, [or] to respond[.]"); *Newton v. Greenwich Township*, No. 12-238, 2012 WL 3715947, at *2 (D.N.J. Aug. 27, 2012) ("[W]hile there is a constitutional right to petition the government for redress of grievances, there is no constitutional right to have the government *respond* to that petition.")

---

[9] The First Amendment provides as follows: "Congress shall make no law . . . abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

13

(emphasis in original). Here, B.L. does not allege that any Defendant prohibited or limited his right to communicate with them. Although B.L. was unsatisfied with Defendants' response to his complaints, Defendants' lack of a purportedly appropriate response does not amount to a violation of B.L.'s right to petition.

Plaintiff counters that Defendants engaged in viewpoint discrimination, such that Defendants' actions must withstand strict scrutiny. Rule 12 Opp. at 28-29. Viewpoint discrimination arises when a government actor attempts to regulate and prohibit a specific opinion. *See Ne. Pa. Freethought Soc'y v. Cnty. of Lackawanna Transit Sys.*, 938 F.3d 424, 432-37 (3d Cir. 2019). Again, Plaintiff's First Amendment claim arises from Defendants' purportedly insufficient response. There is no allegation that any Defendant attempted to prohibit Plaintiff from expressing his views on the curriculum. Accordingly, viewpoint discrimination is not at issue here.

Plaintiff also argues that by ignoring his petitions, Defendants violated MLSD policy. Rule 12 Opp. at 28. Even if Defendants violated a school policy, this alone does not give rise a Section 1983 claim. As discussed, Plaintiff must plead that a Defendant violated a constitutional right, which Plaintiff does not do. Defendants' motion, therefore, is granted with respect to Plaintiff's First Amendment claim, and the Fifth Count is dismissed.

### b. Equal Protection

In the Sixth Count, B.L. alleges that Defendants violated his equal protection rights because they ignored his grievances due to their contents, but provided "other, informal, channels of communication" to individuals they agreed with. Am. Compl. ¶¶ 106-10. Plaintiff contends that he is proceeding under a "class of one" equal protection theory.[10] *See* Rule 12 Opp. at 30. To

---

[10] Ordinarily, to plead a claim under the equal protection clause, a plaintiff must plead that he is a member of a protected class and was treated differently than similarly situated members of the

14

state a class-of-one equal protection claim, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 156 (3d Cir. 2018) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006)).

Although Plaintiff generally pleads in the Sixth Count that Defendants treated him differently, Am. Compl. ¶ 107, his specific factual allegations fall short. Plaintiff does not plead any facts establishing the existence of similarly situated individuals. The only comparison Plaintiff provides is that some of the Individual Defendants had conversations with a group of former and current students. *Id.* ¶¶ 58-59. Students and parents are not similarly situated. But even assuming that B.L. is similarly situated to a group of students, Plaintiff fails to allege that any Defendant treated B.L. differently. Plaintiff pleads that certain Defendants responded to some of his emails and met with him in person. Plaintiff also pleads that certain of the Individual Defendants also emailed with the student group. Thus, B.L. and the students appeared to receive similar treatment by Defendants.

Plaintiff's purported equal protection violation is focused on Defendants' overall response, not how quickly or how many times an Individual Defendant responded to B.L.'s emails. Plaintiff ultimately alleges that Defendants discriminated against him because they "refuse[d] to remedy their openly race-based disparate treatment," Am. Compl. ¶ 9, and due to their "insistence on proceeding with such [anti-racist] programming," *id.* ¶ 10. But Defendants' failure to bend to

---

unprotected class. *See Mayer v. Gottheiner*, 382 F. Supp. 2d 635, 651 (D.N.J. 2005). Here, B.L. does not contend that he is a member of a protected class.

15

B.L.'s demands does not amount to discriminatory conduct. Consequently, Plaintiff fails to plausibly plead an equal protection claim. The Sixth Count is dismissed.[11]

### 3. Remaining Claims as to B.L.

B.L. also asserts a claim under the New Jersey Civil Rights Act (Seventh Count), in addition to claims for slander (Ninth Count) and libel (Tenth Count). These claims arise under New Jersey state law. A federal court may have subject-matter jurisdiction through either federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332; *see also Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011). Here, Plaintiff maintain that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Am. Compl. ¶ 11. Federal question jurisdiction arises through Plaintiff's Section 1981 and 1983 claims. *See Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 406 (3d Cir. 2021) ("Under the well-pleaded-complaint rule, federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (internal citation omitted). This Court, therefore, has supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(a). *See* 28 U.S.C. § 1367(a) (explaining that a court has supplemental jurisdiction over "other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). Section 1367(c), however, provides that a "district court[] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Retaining supplemental jurisdiction-based claims is a matter of discretion. *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). "[W]here the claim over which the

---

[11] Because Plaintiff factually fails to plead any constitutional violation, the Court will not address Defendants' remaining grounds to dismiss Plaintiff's Section 1983 claims.

16

district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Id*. (emphasis added). Moreover, district courts generally decline to exercise supplemental jurisdiction after dismissing all original jurisdiction claims early in the proceedings. *See, e.g.*, *Payne v. CareOne, LLC*, No. 17-2660, 2017 WL 4618752, at *2-3 (D.N.J. Oct. 13, 2017) (declining to exercise supplemental jurisdiction over state claims because federal claims were dismissed before an initial conference).

Here, the Court is dismissing Plaintiff's federal claims, which provide the Court with subject-matter jurisdiction, at the earliest possible stage of the proceeding. As a result, the Court declines to exercise supplemental jurisdiction over Counts Seven, Nine and Ten. The Court, therefore, will not consider Defendants' arguments to dismiss these counts.

Plaintiff is provided with thirty (30) days to file an amended complaint that cures the deficiencies noted herein with respect to the claims dismissed under Rule 12(b)(6). As discussed, if Plaintiff files an amended pleading he cannot proceed via pseudonym and cannot assert claims on J.L.'s behalf. In addition, if J.L. decides to proceed as a Plaintiff, J.L. cannot proceed by pseudonym. If, however, Plaintiff does not file an amended pleading, the claims dismissed herein pursuant to Rule 12(b)(6) will be dismissed with prejudice and Plaintiff's state law claims will be dismissed for lack of jurisdiction.

### V. MOTION TO STAY

Finally, Plaintiff also seeks to stay enforcement of Judge's Allen's Order requiring him to file an amended complaint disclosing his, and J.L.'s, identities until this Court decides Defendants' pending Rule 12 motion to dismiss. Plf. Br. at 14. Because this Court decided the Rule 12 motion, Plaintiff's request for a stay is denied as moot.

### VI. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 18th day of April, 2023,

**ORDERED** that Plaintiff's appeal (D.E. 24) is **DENIED**; and it is further

**ORDERED** that the Court **AFFIRMS** Judge Allen's February 8, 2023 Opinion and Order; and it is further

**ORDERED** that Plaintiff's motion to stay is **DENIED**; and it is further

**ORDERED** that Defendants' motion to dismiss pursuant to Rule 12(b) is **GRANTED**; and it is further

**ORDERED** that the First through Sixth and Eighth Counts of the Amended Complaint are **DISMISSED** without prejudice pursuant to Rule 12(b)(6); and it is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint that cures the identified deficiencies within thirty (30) days; and it is further

**ORDERED** that any amended pleading must disclose B.L. and/or J.L.'s identity; and it is further

**ORDERED** that Defendants' cross-motion to dismiss is **DENIED without prejudice**.

_____
John Michael Vazquez, U.S.D.J.